| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE M. JAMES LORENZ)

| UNITED STATES OF AMERICA, | ) | Criminal No. 11 CR 5726 L |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER: |
| v. | ) | (1) GRANTING GOVERNMENT'S MOTION FOR RECONSIDERATION [ECF NO. 159]; |
| MOHAMAD REZA NAZEMZADEH | ) | (2) VACATING PRIOR ORDER [ECF NO. 157]; |
| Defendant. | ) | (3) STAYING DETERMINATION OF MOTION TO DISMISS [ECF NO. 141.] |
| _____ | ) | |

On May 22, 2014, Defendant filed a motion to dismiss/elect prosecution of counts one and two as multiplicitous, to dismiss count two for failure to state an offense, and for renewed discovery requests. [ECF No. 141.] By Order dated August 7, 2014, the Court granted Defendant's Motion to Dismiss counts one and two as multiplicitous, denied Defendant's Motion to Dismiss count two for failure to state an offense, and denied Defendant's discovery requests. [ECF No. 157.] The Government filed a Motion for Reconsideration of that Order on August 14, 2014.

[ECF No. 159.] Defendant filed a Response on August 27, 2014. [ECF No. 161.] On September 3, 2014, the Government filed a Reply, and Defendant filed Supplemental briefing on September 10, 2014. [ECF Nos. 163, 167.] The Court conducted a hearing on the matter on September 11, 2014, after which the parties filed responsive briefings. [ECF Nos. 168, 170, 171.]

## I.     MOTION FOR RECONSIDERATION

In its prior Order, the Court determined that counts one and two of the indictment violated the Double Jeopardy Clause because both conspiracy counts allege violations of the same statute.   Count one asserts Defendant conspired to export an MRI coil to Iran without the proper license in violation of International Emergency Economic Powers Act ("IEEPA"), 31 C.F.R. §560.204 and 50 U.S.C. §§1702 and 1705, while count two asserts a conspiracy violation under the general smuggling statute, 18 U.S.C. §554, asserting that Defendant conspired to buy the coil, intending it to be exported in violation of IEEPA, 31 C.F.R. §§ 560.203 and 560.204 and 50 U.S.C. §§1702 and 1705.

The Government argues that the Court should reconsider its prior order granting Defendant's Motion to Dismiss because the Court misapplied the controlling legal standard. (Mot. Recon. 4.) In the alternative, the Government requests the Court stay its ruling unless and until Defendant is actually convicted of the counts, arguing that the Government may prosecute a defendant in a single proceeding for multiple offenses that are constitutionally the "same offense." (*Id*. 8.)

Defendant counters that there is no sufficient ground to grant a motion for reconsideration because the Court has not been presented with newly discovered evidence, did not commit clear error, and there has been no intervening change in the controlling law. (Resp. Mot. Recon. 2.) In addition, Defendant claims that criminal defendants have a right to seek pretrial dismissal of multiplicitous claims on double jeopardy grounds, citing *United States v. Ziskin* 360 F.3d 934, 938 (9th

Cir. 2003), and asserts that the Government is inviting the Court to commit constitutional error if it refrains from determining whether the counts are the same at this time. (*Id.* 7)

District courts have "inherent authority" to decide motions for reconsideration in criminal proceedings unless there is a statue forbidding such motion. *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000); *United States v Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). Here, there is no statutory prohibition against granting the Motion. Further, it appears the Court did not fully and completely address the arguments raised by the parties in the prior Order. Therefore, in the interests of justice, the Court **GRANTS** the Government's Motion for Reconsideration and **VACATES** the prior Order. *See Aguirre*, 214 F.3d at 1124; *U.S. v Bonner*, 2013 WL 6028301 (S.D. Cal. 2013).

## II. REQUEST TO STAY

The Government requests that the Court stay its determination of the issue of multiplicity regarding counts one and two under the Double Jeopardy Clause until and unless Defendant is actually convicted of both the IEEPA and section 554 counts. (Mot. Recon. 8.) In the Government's view, dismissing one of the counts would be premature in light of the fact that a defendant may be prosecuted in one trial for multiple offenses via one indictment even though the Defendant cannot be punished for both. (*Id.*) The Government argues that the better approach is to let both claims go forward, and if Defendant is convicted of both, to cure any double jeopardy problem by proceeding to sentencing on only one of the two multiplicative charges. (*Id.* 9.)

Defendant counters that it would be unfair and prejudicial to make him defend against two charges when he should only have to defend against one, and that pretrial dismissal on double jeopardy grounds is authorized by the Ninth Circuit. (Reply 7.) Further, Defendant contends that allowing both counts to go

forward gives the Government an unfair litigation advantage because it gives the Government better odds of getting a conviction on either of the charges. (*Id.*) Defendant contends that "jeopardy" attaches when the jury is sworn, not simply at sentencing, and it follows then that the primary purpose of the Fifth Amendment is to protect a defendant from exposure to a trial where he must defend against two charges for the same crime. (*Id.*)

"The Double Jeopardy Clause prohibits the imposition of multiple trials, convictions and punishments for the same offense." *United States v. Arlt*, 252 F.3d 1032, 1035 (9th Cir.2001) (en banc). The protections afforded by the Double Jeopardy Clause include; (1) protection against a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Whalen v. United States*, 445 U.S. 684, 688 (1980) (It is well established that "the Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also 'against multiple punishments for the same offense.") The Ninth Circuit has held that "[t]he Double Jeopardy Clause protects a defendant against both successive punishments and successive prosecutions for the same criminal offense. *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013) Furthermore, "[t]he double jeopardy clause precludes the government from dividing a single conspiracy into multiple charges and pursuing successive prosecutions against the defendant." *United States v. Guzman*, 852 F.2d 1117, 1119–20 (9th Cir.1988); *Ziskin*, 360 F.3d at 943 (where charges in a successive conspiracy prosecution assert multiple drug violations, the Court must determine whether there is one conspiracy giving rise to multiple charges, or if there are distinct conspiracies.)

At issue in the current matter is whether the Government can prosecute a defendant for multiple offenses in a single indictment and trial that might otherwise violate double jeopardy. The Supreme Court has held that multiple charges arising

from the same criminal conduct can be prosecuted in the same trial, and it does not violate the Double Jeopardy Clause so long as the defendant does not suffer multiple punishments on those grounds. *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.") Where two charges are based on a single act, and would otherwise be multiplicitous, the district judge may allow both charges to be prosecuted, and "[i]f, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses." *Ball v United States*, 470 U.S. 856, 865 (1985); *see also United States v. Josephberg*, 459 F.3d 350, 355-356 (2d Cir. 2006) ("If the jury convicts on more than one multiplicitous count, the defendant's right not to suffer multiple punishments for the same offense will be protected by having the court enter judgment on only one of the multiplicitous counts.")

     As Defendant notes, "jeopardy attaches when the jury is empaneled and sworn," however, the attachment of jeopardy is not subject to rigid, mechanical rules. *Martinez v. Illinois*, 134 S.Ct. 2070, 2074 (2014). If a defendant is not at risk of conviction and punishment in a prosecution, jeopardy does not attach *Id.* In the present case, the Government asserts that Defendant conspired to import an MRI coil to Iran in violation of IEEPA in count one, and that he conspired to purchase an MRI coil which he then intended to send to Iran in count two, in violation of the general smuggling statute with IEEPA serving as the underlying statute. Defendant is protected from the possibility of multiple punishments if and when he is convicted of both, because the Court can limit the judgment to one claim, and refrain from sentencing on the duplicative charge.

Although Defendant contends it is unfair for him to have to defend against both charges, he cites no authority for his suggestion that this is what the Double Jeopardy Clause is intended to prevent. Instead, the Government may choose to prosecute the conduct under both statutory provisions. *Ball*, 470 U.S. at 865 (1985)("the Government may seek a multiple count indictment" for violations of two distinct statutes where the same conduct serves as the basis for both charges.) Therefore, the Court can forgo the multiplicity analysis prior to trial because prosecution of both claims does not run the risk of resulting in multiple punishments, which is the aim and purpose of the Double Jeopardy Clause.[1] Accordingly, the Government may proceed on both claims one and two against Defendant, and the Court **STAYS** Defendant's Motion to Dismiss.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the Motion for Reconsideration, **VACATES** the Order Granting Defendant's Motion to Dismiss, and **STAYS** Defendant's Motion to Dismiss counts one and two as multiplicitous.

**SO ORDERED**:

DATED: March 17, 2015,

*M. James Lorenz*

M. James Lorenz

United States District Court Judge

---

[1] While the Ninth Circuit has indicated that a defendant may take an interlocutory appeal of the denial of a motion for dismissal of multiplicitous counts on Double Jeopardy grounds where successive conspiracy prosecutions are at issue, this does not counter binding authority which dictates this Court allow the claims to go forward to trial. *See Ziskin*, 360 F.3d 934, 938 (9th Cir. 2003).